■ MILDRED E. SENGSTACK, Respondent, v. JOHN F. SENGSTACK, Appellant.

Appeal from an order of the Supreme Court at Special Term, entered October 3, 1957, in New York County, which (1) granted a motion by plaintiff for an order for temporary alimony and counsel fee, (2) denied a motion by defendant for an order dismissing the complaint and (3) appointed a special guardian for plaintiff.

Order appealed from affirmed.

PECK, P. J. and BOTEIN, J. (dissenting). The complaint in this action for a separation affirmatively alleges that plaintiff is of unsound mind and incompetent to manage her person, property, or affairs. While it is true that the cases hold that a party may prosecute an action, under section 236 of the Civil Practice Act, unless he has been judicially declared to be incompetent, none of the cases has presented the condition of an acknowledgment, indeed assertion, of the plaintiff's incompetency by the plaintiff herself. We think that where incompetency is conceded, and certainly where the complaint alleges it, the plaintiff does not have capacity to sue.

While the failure of the husband to support the wife over the years inclines one to the conclusion that he has not discharged his legal and moral responsibilities, we are not prepared to reach that conclusion on the record before us and assume that a separation is in the interest of the wife. There may be a serious question as to whether it is in the interest of the wife to maintain this separation action, and obviously she is in no position to make any determination of her own interest. It can only be made for her by someone else. That person should be a duly appointed committee of the person and not someone, even a son, who undertakes to assume authority to speak for and in the name of an acknowledged incompetent.

We are not impressed with the argument that it would be difficult or disadvantageous to plaintiff to have a committee appointed for her. Plaintiff is a resident of the State. An adjudication of incompetency and appointment of a committee could be made without her physically being brought into the State if, as is alleged in her behalf, bringing her into the State would be prejudicial to her state of mind.

In our opinion, the motion to dismiss the complaint on the ground of the incapacity of plaintiff to sue should have been granted. We, therefore, dissent and we vote to reverse the order appealed from and to grant the motion to dismiss.

Frank, Bergan and Bastow, JJ., concur in decision; Peck, P. J., and Botein, J., dissent and vote to reverse and dismiss the complaint in opinion.

Order appealed from affirmed. [7 Misc 2d 1012.]