■ In the Matter of H. JAMES PECK, Appellant, v BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Respondents.—Judgment unanimously reversed, with costs, and motion denied. Memorandum: Petitioner brought this CPLR article 78 proceeding to set aside the determination of respondents abolishing his position as supervisor of vocational education. The court below dismissed the petition as insufficient as a matter of law without a hearing on motion of respondents (CPLR 7804, subd [f]). Petitioner was employed by respondent board of education in 1965 as supervisor of vocational education. In 1970, a new position, supervisor of vocational education (Federal projects and equipment purchases), was created. Petitioner did not apply for the new position and it was filled by a Mr. Pfuelb. On June 30, 1975 respondent board of education voted to eliminate the position of superintendent of vocational education, and petitioner was terminated effective August 5, 1975. Petitioner contends that the two positions are sufficiently similar as to be in the same tenure area and that the person with the least seniority (viz., Mr. Pfuelb) should be terminated (Education Law, § 2510, subd 2). He relies also on subdivision 1 of section 2510 of the Education Law, which provides that where a new position is created which carries on the work formerly done by the position abolished the board of education must appoint the incumbent to the new position (see *Matter of*

*Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13). Petitioner attempted to pursue the grievance procedure set forth in the contract between the board of education and the Buffalo Council of Supervisors and Administrators, which comprises three stages: appeal to the associate superintendent; appeal to the superintendent; and arbitration. The first step resulted in a finding by the associate superintendent that petitioner's claim was not a grievable matter and a suggestion that petitioner pursue the matter through the courts or the commissioner of education. A similar determination was reached by the superintendent of schools, who also noted that he did not think petitioner's claim had merit. The third stage, arbitration, never took place because petitioner's representative, the Buffalo Council of Supervisors and Administrators Grievance Committee, terminated its grievance action on petitioner's behalf and refused to request arbitration on the grounds that his claim lacked merit. Thereafter, petitioner commenced the instant CPLR article 78 proceeding, in support of which he submitted a description of the duties of the new position prepared by the board of education, and a lengthy summary of various acts performed by petitioner as superintendent of vocational education which appear to substantiate his contention that the duties of the two positions are similar. Respondents in their answer and motion to dismiss did not dispute that petitioner performed these duties, but submitted interoffice memoranda containing descriptions of both positions which seem to support their contention that the two positions are dissimilar. Petitioner has adduced sufficient proof to raise a question of fact regarding the similarity of the two positions. Respondents argue that petitioner, having availed himself of the grievance procedure, is bound by the decision therein. After repeatedly thwarting petitioner's attempts to obtain a consideration of his case on the facts within the grievance procedure, and after suggesting that he go to the courts for relief, respondents are estopped from taking the inconsistent position that petitioner is bound by the result of the grievance procedure and may not seek relief from the courts (see *Sengstack v Sengstack,* 7 Misc 2d 1012, affd 4 AD2d 1035, affd 4 NY2d 502; *Van Valkenburgh v Lutz,* 304 NY 95; *Matter of Wolsky [Duchovny],* 11 Misc 2d 766). Respondents also contend that the action by the board of education is appealable to the Commissioner of Education (Education Law, § 310) and so may not be challenged in a CPLR article 78 proceeding (CPLR 7801, subd 1). The general rule regarding appeals to the Commissioner of Education is that while "appeal to the Commissioner of Education is an exclusive remedy where it involves the *exercise of discretion* * * * where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, the courts will proceed to determine the matter, notwithstanding another method of settling the controversy has been provided" *(Matter of Buffalo Audio v Union Free School Dist. No. 1,* 29 Misc 2d 871, 874, affd 15 AD2d 991; see *Matter of Harran Transp. Co. v Board of Educ.,* 71 Misc 2d 139; *Matter of McMaster v Owens,* 192 Misc 687, app dsmd 193 Misc 284). Petitioner's claim that he was terminated in violation of subdivisions 1 and 2 of section 2510 of the Education Law clearly constitutes a claim that the board of education has acted in violation of an express statute, and review by the courts is proper. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.