*804 OPINION OF THE COURT
Shanley N. Egeth, J.
Defendant moves for summary judgment dismissing the complaint on the ground of judicial estoppel.
This subrogation action was brought by the Hartford Accident and Indemnity Company (the insurance carrier under Chemical Bank’s bankers’ blanket bond) in the name of its insured, to recover against defendant Aetna as an indorsee on three premium finance agreements allegedly assigned to Chemical Bank by a now defunct insurance brokerage company, Marshall & O’Brien, Inc., as collateral security for a loan. Plaintiff alleges that Marshall & O’Brien was acting as an agent for a disclosed principal, defendant Aetna, and that the latter was therefore bound by the acts of its alleged agent. Aetna alleges that a letter purportedly signed by it agreeing to honor all rights assigned by Marshall & O’Brien to Chemical Bank, as well as the premium finance agreements assigned by Marshall & O’Brien, were forgeries. It further denies that Marshall & O’Brien was authorized to act as its agent.
The motion-in-chief as predicated upon the legal position taken by Chemical Bank in defending itself in another prior action brought against it by Raymond O’Brien, the president of Marshall & O’Brien, and others, in an action in Supreme Court, Westchester County (Index No. 8591/73). That action was settled and discontinued. In its verified answer in the O’Brien action (to which Aetna was not a party), Chemical Bank denied an allegation in the complaint that Marshall & O’Brien "was acting as the disclosed agent of the various insurance companies [including Aetna] referred to in said premium financing agreement.” Furthermore, in successfully opposing a motion by the plaintiffs in the O’Brien action for summary judgment, Norman Henderson, an assistant of Chemical Bank, stated in an affidavit that: "although the Bank had in its possession letters from the insurance company purportedly acknowledging receipt of notice of the assignment of the policies to the Bank, it subsequently developed that these letters, claimed to be from Aetna Insurance Company, were forgeries * * * Subsequently, a claim was made by the Bank under its Bankers’ Blanket Bond for payment of its damages resulting from the Bank’s receipt of forged policies and assignments and a proof of claim was filed by the Bank. Following an investigation by the Bank’s Blanket Bond carrier, payment on the Bank’s forgery claim was made to the *805 Bank * * * Accordingly, it cannot be disputed that the Bank never became entitled to the unearned premiums on the policies * * * [TJhere can be no doubt that the Bank did not have genuine assignments of the policies from the insured” (emphasis added).
The doctrine of judicial estoppel, relied upon by defendant, provides that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the adverse party in the original proceeding. (Davis v Wakelee, 156 US 680, 689; Houghton v Thomas, 220 App Div 415, 423, affd 248 NY 523.)
A party may not appropriately assert the defense of judicial estoppel unless it is demonstrated that the party against whom the estoppel is sought to be imposed actually procured a judgment in his favor as a result of the inconsistent position taken by him in the prior proceeding (Horn v Bennett, 253 App Div 630, 631; 21 NY Jur, Estoppel, § 55, pp 84-89). In the case at bar, the prior action did not go to judgment. It was settled out of court and discontinued by stipulation. A settlement by a stipulation, and a discontinuance of an action pursuant thereto, is not construed as an adjudication in favor of any party to the action. (Cf. Pagliarulo v Pagliarulo, 30 AD2d 840.)
Moreover, in order to support a claim of judicial estoppel, facts should be alleged showing that the party against whom the estoppel is sought to be asserted was successful in advocating its prior inconsistent legal position against the party asserting the alleged judicial estoppel (Van Valkenburgh v Lutz, 304 NY 95, 99-103; Sengstack v Sengstack, 7 Misc 2d 1012, 1018-1019, affd 4 AD2d 1035, affd 4 NY2d 502).
In the case at bar, defendant has failed to allege or demonstrate to any extent that it was prejudiced by plaintiff’s position in the prior action, in which this defendant was not even a party. In this State, "allegations made in pleadings in a former action do not estop the pleader, as against strangers, from making contrary allegations in subsequent action” (21 NY Jur, Estoppel, § 58, p 92 [emphasis added]). Defendant in this action, being a legal "stranger” to the prior action, it may not avail itself of the defense of judicial estoppel based upon plaintiff’s alleged inconsistent legal position in that action. The cases primarily relied upon by the defendant (see, e.g., *806 Davis v Wakelee, supra; Houghton v Thomas, supra; Tractor & Equip. Corp. v Chain Belt Co., 276 App Div 551) are inapposite in that they all involved the same parties or those in privity or otherwise united in interest with the original parties. Defendant has failed to demonstrate the existence of those elements which are requisite to enable it to avail itself of the defense of judicial estoppel.
Accordingly, defendant’s motion for summary judgment is denied. This is without prejudice to the right of the defendant at the trial of this action to offer proof of plaintiff’s prior inconsistent position in dealing with trial issues of credibility. (See Philadelphia, Wilmington, & Baltimore R. R. Co. v Howard, 13 How [54 US] 307, 335.)
[Portions of opinion omitted for purposes of publication.]