■ In the Matter of the Estate of ARTHUR B. SMITH, Deceased. PHILIP HILLSBERG, Appellant; BEVERLY J. SMITH, as Executrix of ARTHUR B. SMITH, Deceased, Respondent.—Harvey, J. Appeal from a decree of the Surrogate's Court of Madison County (O'Brien, III, S.), entered October 27, 1986, which, in a proceeding pursuant to SCPA 2110, fixed the reasonable value of legal services rendered by petitioner at $2,500.

The issue on appeal is whether $2,500 was reasonable compensation for petitioner's services in successfully getting admitted to probate a copy of a lost will which had not been witnessed in strict compliance with EPTL 3-2.1. Decedent, Arthur B. Smith, died in November 1985. He was survived by his wife (hereinafter respondent) and two adult children. Prior to his death decedent had drafted his own will, without the

aid of an attorney, using a form which he had purchased. Although the witnesses signed the "affidavit of subscribing witnesses" attached to the will, they failed to sign under the attestation clause. Following her husband's death, respondent lost the original will.

She brought a copy of the will to petitioner's law office on December 3, 1985. Petitioner was unable to estimate a fee since he did not know how much work would be required to get the photocopy admitted to probate and because the size of the estate was not yet determined. Decedent's estate was subsequently valued at approximately $400,000. Petitioner was able to prove the lost will without complication and he prepared a three-page memorandum addressing the witness problem. Letters testamentary were issued to respondent on January 21, 1986.

Shortly thereafter, petitioner orally informed respondent that the fee for the services he had rendered to that point was $15,000. Respondent refused to pay the fee and discharged petitioner. Petitioner sent respondent a bill for $12,000. He then commenced this proceeding to have Surrogate's Court fix his compensation. A hearing was held at which respondent, petitioner and an expert witness called by petitioner testified. The court determined that the reasonable value of the services rendered by petitioner was $2,500. Petitioner appeals.

There is no set formula for determining reasonable compensation for an attorney's services (*Matter of Wilhelm*, 88 AD2d 6, 11-12). The power of Surrogate's Court to set counsel fees " 'must be exercised with reason, proper discretion and not arbitrarily' " (*Matter of Levy*, 111 AD2d 849, 850, quoting *Matter of Brehm*, 37 AD2d 95, 97). Among the factors considered in fixing counsel fees are "the time required; the complexity of the issues involved; the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by members of the Bar for such services; the results obtained; and the responsibility involved" (*Matter of Gutchess* 117 AD2d 852, 854, *lv denied* 68 NY2d 609; *accord, Matter of Freeman*, 34 NY2d 1, 9; *Matter of Potts*, 213 App Div 59, *affd* 241 NY 593).

Here, although petitioner estimated his time at 40 hours, there were discrepancies in his records and Surrogate's Court estimated that the work could have been competently completed in 25 hours. The issues involved, while not routine, were neither complex nor did they require particular exper-

tise to resolve satisfactorily. Petitioner has been a practicing attorney for over 55 years. However, the length of an attorney's admission to the Bar is not necessarily reflective of ability and reputation, and there was inadequate evidence of those factors. Petitioner's expert witness testified that a fee of between $8,000 to $20,000 is generally charged for the estate work on an estate the size of decedent's. This testimony is entitled to a little weight since much of the estate work was unfinished when petitioner was discharged. Further, the court's own experience in estate matters generally makes it as qualified as purported experts to accurately assess the value of the services rendered (see, 3A Warren's Heaton, Surrogates' Courts § 294 [3] [c], at 52-58 [6th ed]). Upon review of the record, we are unconvinced that the amount of counsel fees awarded by the court was unreasonably low.

Decree affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.