■ FRANK GUARINO, Appellant, v JEANETTE GUARINO, as Administratrix of the Estate of ROCCO GUARINO, Deceased, Respondent. [620 NYS2d 394] —Order, Supreme Court, Bronx County (Bertram Katz, J.) entered April 27, 1994, which denied plaintiff's motion for summary judgment in an action for reformation and specific performance of a contract to convey real property, unanimously affirmed, without costs.

The 1976 stockholder's buy-out agreement between plaintiff and his now deceased brother, even if construed in a manner most favorable to plaintiff, at best is ambiguous as to whether the real property occupied by the jointly owned corporation was included as an asset of the corporation when plaintiff purchased decedent's stock from the defendant administratrix. Thus the agreement does not conclusively sustain plaintiff's claim that although title to the property remained in the

brothers' individual names as tenants in common, the parties mistakenly assumed that it was an asset of the corporation intended to be conveyed under the buy-out agreement. The parties' conflicting parol evidence does not conclusively resolve the issue. Nor should defendant be judicially estopped from asserting her alleged one-half interest in the realty, where she explains that her failure to list the property as an asset in estate proceedings concerning her decedent was a mere mistake, and there is no evidence that she received a benefit as a result of the omission (cf., Kalikow 78/79 Co. v State of New York, 174 AD2d 7, 11, appeal dismissed 79 NY2d 1040). Concerning plaintiff's claim of adverse possession, we agree with the IAS Court that an issue of fact exists whether plaintiff's exclusive use of the property was with hostility toward defendant and under a claim of right (see, Perez v Perez, 186 AD2d 376). Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.