■ In the Matter of the Estate of EILEEN G. COUGHLIN, Deceased. GERALD E. DE FILIPPO, as Executor of EILEEN G. COUGHLIN, Deceased, Appellant; JANE R. MURPHY et al., Respondents. [633 NYS2d 610] —White, J. Appeal from an order of the Surrogate's Court of Chemung County (Castellino, S.), entered April 6, 1994, which, *inter alia*, determined the amount of counsel fees.

In an amended petition and final account, petitioner, the executor and attorney for the estate of Eileen G. Coughlin, sought executor's commissions of $114,016.05 and counsel fees in an amount representing 5% of the gross estate or $189,530.76.[1] Following the filing of objections and an evidentiary hearing, Surrogate's Court approved an executor's commission of $113,105.15 but reduced petitioner's request for counsel fees to $63,150 plus $1,100 for paralegal services. Petitioner appeals.[2]

Petitioner contends that, considering the size and character

1. We note that after January 1, 1996, attorneys who prepare wills in which they are designated executors must inform their clients in writing that they are entitled to both executor's fees and counsel fees from the estate (L 1995, ch 421).

2. The notice of appeal indicates that petitioner is appealing from a number of other aspects of the order of Surrogate's Court; however, he has not pursued these issues in his brief. Thus, we deem them abandoned (*see, Richardson v Richardson*, 186 AD2d 946, *lv dismissed in part, lv denied in part* 81 NY2d 867).

of the estate and the alleged practice in Chemung County of utilizing 5% of the gross estate as the benchmark for the calculation of counsel fees in estate matters, Surrogate's Court erred in reducing his counsel fee.

It is well established that Surrogate's Court bears the ultimate responsibility of deciding what constitutes reasonable compensation for an attorney's services and that such determination is within the court's sound discretion (*see, Matter of Stortecky v Mazzone*, 85 NY2d 518; *Matter of Bobeck*, 196 AD2d 496, 497; *Matter of Papadogiannis*, 196 AD2d 871, 872). In making such determination, the court must consider the time spent, the difficulties involved in the case, the nature of the services, the amount involved, the professional standing of counsel and the results obtained (*see, Matter of Freeman*, 34 NY2d 1, 9; *Matter of Potts*, 213 App Div 59, 62, *affd* 241 NY 593).

In this instance, Surrogate's Court determined that petitioner was not entitled to the fee he requested because this was not a complex matter and that many of the services cited by petitioner in his affidavit of services were ministerial in nature and were actually performed by Marine Midland Bank. Further, Surrogate's Court found that a number of claimed hours of legal services actually fell within the ambit of fiduciary duties properly chargeable against the executor's commissions. Accordingly, the court reduced the hours of legal service from 521 to 421 and proceeded to determine the fee on a quantum meruit basis (421 hours x $150 per hour).

When a lawyer serves as both the executor and attorney for an estate, it is incumbent upon him or her to maintain contemporaneous records scrupulously delineating the legal services performed as an attorney from the executorial services performed as fiduciary so as to eliminate any duplication of charges (*see, Matter of Phelan*, 173 AD2d 621, 622). As petitioner did not maintain such records, and in view of his admission that there was overlapping between his dual roles, he is in no position to challenge the reduction by Surrogate's Court of the hours of compensable legal services.

Therefore, since the assessment of the appropriate factors by Surrogate's Court is supported by the record and as petitioner will receive substantial executor's commissions, we find that the court did not abuse its discretion in this matter (*see, Matter of Kinzler*, 195 AD2d 464, 467). Thus, we affirm.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.