■ MANHATTAN AVENUE DEVELOPMENT CORP., Appellant, v MARVIN MEIT et al., Respondents. [637 NYS2d 134] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 7, 1994, dismissing the complaint without prejudice to the institution of a new action by plaintiff's president, and bringing up for review a prior order, same court and Justice, entered on or about September 21, 1994, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint without prejudice, unanimously affirmed, without costs. The appeal from the order is unani-

mously dismissed as superseded by the appeal from the judgment, without costs.

The IAS Court judicially estopped plaintiff from asserting the debt sued upon because of its failure to list the debt in an earlier bankruptcy proceeding it had filed, as required by 11 USC 521 (1). Plaintiff argues that even assuming that its position in the bankruptcy proceeding was inconsistent with its present assertion of the debt, the doctrine of judicial estoppel does not apply since the bankruptcy proceeding was dismissed on stipulation of the parties thereto. While a settlement does not constitute a " ' "judicial endorsement" ' " of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel (*Bates v Long Is. R. R. Co.*, 997 F2d 1028, 1038, *cert denied* 510 US 992; *Chemical Bank v Aetna Ins. Co.*, 99 Misc 2d 803), here, the stipulation was so-ordered by the court, which thereby inferentially endorsed plaintiff's then position concerning its assets, satisfying the " 'prior success' " element necessary for judicial estoppel (*Reynolds v Commissioner of Internal Revenue*, 861 F2d 469, 473). We have reviewed plaintiff's other claims, that it made the loan for the benefit of its president within the meaning of CPLR 1004, or that this action should have been allowed to proceed with plaintiff's president joined as a party, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.