■ ROBERT D. MORTON et al., Respondents, v GILBERT RIFKIN, Appellant, et al., Defendants. [718 NYS2d 39] —Order, Supreme Court, New York County (Carol Huff, J.), entered January 11, 1999, which, in an action commenced by plaintiff (now deceased) and several of his solely owned corporations against defendant-appellant accountant and his firm for conversion and professional malpractice, among other causes of action, denied defendant's motion to dismiss the claims of the

corporate plaintiffs for failure to state a cause of action and lack of standing, unanimously affirmed, without costs.

Neither plaintiff nor plaintiff's estate, upon succeeding the plaintiff, listed the decedent's interest in the corporations in either the bankruptcy proceeding initiated by the decedent, or in the probate proceeding. The estate, however, is not judicially estopped from claiming an interest in the corporations since the bankruptcy proceeding was dismissed without a final determination (*see*, *Koch v National Basketball Assn.*, 245 AD2d 230; *McIntosh Bldrs. v Ball*, 264 AD2d 869, 870). Instead, the bankruptcy proceeding here "was dismissed to be continued in another setting, i.e. the probate proceeding," and the Bankruptcy Court's approval of this "transfer" did not endorse, or otherwise address, the estate's position regarding the decedent's assets (*see*, *Manhattan Ave. Dev. Corp. v Meit*, 224 AD2d 191, *lv denied* 88 NY2d 803).

Here, the decedent's creditors were aware of the instant lawsuit which is the sole asset of plaintiff corporations, so they were not prejudiced by this failure to list this asset (*see*, *Guarino v Guarino*, 211 AD2d 463). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.