■ In the Matter of PETER J. GUATTERY, Deceased. ANTHONY KELVASA, JR., Appellant; JEANO GUATTERY et al., as Administrators of the Estate of PETER J. GUATTERY, Deceased, Respondents. (And Another Related Proceeding.) [717 NYS2d 764] —Peters, J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered September 5, 1999, which, in a proceeding pursuant to SCPA 2110, fixed the value of legal services.

Petitioner and Frank Blizard, both attorneys, agreed to jointly represent the estate of Peter J. Guattery (hereinafter decedent) who died intestate on July 31, 1992. As a result of their work, letters of administration were issued on September 18, 1992 to respondents, who are decedent's four siblings. Petitioner contends that he, along with Blizard and respondents, agreed later that their legal fee would represent 5% of the gross estate estimated to be $3,000,000. Each attorney was paid $37,500 with the balance purportedly due when the estate proceedings were completed. The Federal estate tax return signed by respondents listed petitioner and Blizard as attorneys for the estate with estimated fees in the amount of $150,000. A declaration detailing the executor's commissions and counsel fees filed in 1995 for income tax purposes, again signed by respondents and both attorneys, acknowledged an initial $37,500 fee paid to each, with a second identical payment scheduled for some future date. Petitioner claimed that as a result of his personal relationship with one of the administrators, respondent Lewis Guattery, who died prior to the commencement of this proceeding, he never caused a written retainer agreement to be executed and generated neither bills nor time records reflecting his service.

After five years of working on various estate matters, petitioner sought to be paid the remaining $37,500; respondents

rejected the claim. At the direction of Surrogate's Court, petitioner commenced this proceeding pursuant to SCPA 2110 to fix his total compensation at $75,000. In the petition and accompanying affidavit, petitioner explained that his 45 years of experience consisted almost exclusively of real estate and estate work. He reiterated his understanding of the fee agreement, and detailed the work he performed and benefits he obtained in the approximated 300 hours of legal and nonlegal services for the estate.

Respondents, along with Blizard,* denied that there was an agreed-upon fee and contended, instead, that the attorneys were to be paid a reasonable fee for work performed. Respondents further contended that the tax documents proffered by petitioner constituted mere estimates and that the bulk of the estate work was performed by Blizard, although petitioner assisted in the administration of the estate by collecting records and implementing the sale of two of its commercial properties. As here relevant, Surrogate's Court, having found that a significant portion of petitioner's work constituted nonlegal work, fixed the value of his services at $37,500. Petitioner appeals.

It is well settled that Surrogate's Court is vested with discretion to authorize and determine reasonable compensation for an attorney who has rendered legal services to an estate (*see,* SCPA 2110; *Matter of Coughlin,* 221 AD2d 676, 677). With no set formula to follow (*see, Matter of Smith,* 131 AD2d 913, 914), numerous factors such as "the time spent, the difficulties involved in the case, the nature of the services, the amount involved, the professional standing of counsel and the results obtained" (*Matter of Coughlin, supra,* at 677; *see, Matter of Freeman,* 34 NY2d 1, 9; *Matter of Passuello,* 184 AD2d 108, 111) should be considered. As our review is limited to determining whether the court abused its discretion in arriving at the amount awarded (*see, Matter of Graham,* 238 AD2d 682, 686), we can find no error. Surrogate's Court considered all relevant factors including the benefits which enured to the estate solely as a result of petitioner's efforts. Thereafter, limiting the award of legal compensation to the time spent on legal matters (*see, Matter of Passuello, supra,* at 110), our review ends. In so finding, we reject any contention that Surrogate's Court was required to provide calculations to support its findings (*see, Matter of Graham, supra*).

Nor was a hearing required. While we agree that Blizard

---

* In a separate proceeding, Blizard submitted a petition with supporting affidavit seeking to fix his compensation in the already received amount of $84,750. Surrogate's Court granted the petition.

clearly waived a hearing, no request or waiver is noted by petitioner. As we have found that "the court's own experience in estate matters generally makes it as qualified as purported experts to accurately assess the value of the services rendered" (*Matter of Smith*, 131 AD2d 913, 915, *supra*), and since Surrogate's Court is authorized to "review the record independently and conduct hearings if necessary" (*Matter of Wiggins*, 200 AD2d 813, 818, *mod* 85 NY2d 518), we find that the efforts made by petitioner, resulting in a highly detailed affidavit, undermined any need for a hearing.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

