■ JOHN E. MIKKELSON, Appellant, v ROBIN LYNN KESSLER, Also Known as ROBIN SCHAFER, Respondent, et al., Defendants. [857 NYS2d 310]—

Lahtinen, J. Appeal from an order of the Supreme Court (Pulver, Jr., J.), entered May 14, 2007 in Greene County, which, among other things, denied plaintiff's motion for summary judgment.

Plaintiff and his then-wife, together with defendant Robin Lynn Kessler (hereinafter defendant) and her then-husband, purchased as tenants in common (each person with a 25% share) two condominium units (known as Unit A-4 and Unit B-4) in Greene County in the late 1980s. According to plaintiff, quitclaim deeds were executed in the early 1990s transferring full ownership of Unit A-4 to him and his then-wife and Unit B-4 to defendant and her then-husband. The purported deeds, however, were not recorded and ostensibly were lost. Defendant, while acknowledging an agreement whereby she managed Unit B-4 and plaintiff managed Unit A-4, denies that ownership interests were transferred in the early 1990s. In 1998, after both couples had divorced, Unit B-4 was sold (reportedly at a loss) and, since the purported quitclaim deeds had not been recorded, all four individuals signed a deed transferring that unit. In 2003, defendant inquired about her ownership interest in Unit A-4, which eventually prompted plaintiff to commence this action to quiet title. His former wife and defendant's former husband executed a deed transferring their interests in Unit

A-4 to plaintiff and these two individuals also submitted affidavits in support of plaintiff's motion for summary judgment in which they essentially agreed with plaintiff's contention regarding the transfer of ownership in the early 1990s. Defendant opposed the motion and included her affidavit denying that ownership was transferred in the early 1990s. Finding factual issues, Supreme Court denied the motion. Plaintiff appeals.

Plaintiff argues that defendant took a different position regarding her purported 25% ownership interest in Unit A-4 both in her divorce action and on her income tax return and, accordingly, should be estopped from now asserting such an interest. "Judicial estoppel, also known as estoppel against inconsistent positions" provides that " 'where a party assumes a certain position, in a legal proceeding, and succeeds in maintaining that position, he [or she] may not thereafter, simply because his [or her] interests have changed, assume a contrary position' " (*Hinman, Straub, Pigors & Manning v Broder*, 124 AD2d 392, 393 [1986], quoting *Davis v Wakelee*, 156 US 680, 689 [1895]; *see Shapiro v Butler*, 273 AD2d 657, 659 [2000]). "The doctrine rests upon the principle that a litigant should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (*Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593 [1984] [internal quotation marks and citation omitted]). The underlying rationale of this doctrine extends to prevent a party from asserting, without ample explanation, a factual position in a legal proceeding that is directly contradicted by his or her tax return (*see Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042, 1044 [2006]; *Naghavi v New York Life Ins. Co.*, 260 AD2d 252, 252 [1999]; *PL Diamond LLC v Becker-Paramount LLC*, 16 Misc 3d 1105[A], 2007 NY Slip Op 51298[U], *10 [2007]).

In the divorce action, defendant and her former husband entered into a detailed separation agreement, which addressed Unit B-4 but was silent as to Unit A-4. Such silence, however, is not sufficient to establish taking a position in the matrimonial action that was contrary to her current contention, which is that she had a 25% separate property interest (as a tenant in common with the other owners) in Unit A-4. Plaintiff's argument regarding defendant's tax return is similarly unavailing. The tax return is not in the record and plaintiff builds his argument around presumptions as to the amount of interest deductions that defendant may have taken regarding Unit B-4 and an asserted inference that she treated her claimed similar owner-

ship interest in Unit A-4 differently. Such a speculative argument fails to establish as a matter of law the estoppel doctrine that plaintiff seeks to invoke. The record reveals genuine factual issues and, accordingly, Supreme Court properly denied plaintiff's motion.

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.