■ In the Matter of the Estate of AVRON H. COHEN, Deceased. RICHARD J. MILLER, JR., et al., as Coexecutors of AVRON H. COHEN, Deceased, Respondents; PETER B. COHEN, Appellant. [860 NYS2d 297]—

Rose, J. Appeal from a decree of the Surrogate's Court of Schenectady County (Kramer, S.), entered April 11, 2007, which, among other things, determined the amount of counsel fees.

Petitioners, Marilyn Soffer and Richard J. Miller, Jr., are decedent's sister and an attorney, respectively, and coexecutors of decedent's estate, which had approximately $1.4 million in assets. When, nearly two years after decedent's death, petition-

ers applied for judicial settlement of their account as executors, they sought the allowance of one statutory commission in the amount of $43,283.50 for Soffer alone. Since the will specified that Miller would receive no commissions as executor, but that he and his law firm would be entitled to reasonable counsel fees for services rendered to the estate, petitioners asked no commissions for him, but did seek an allowance of $41,465.63 to his law firm. Respondent, one of decedent's four beneficiaries, filed objections to, among other things, the amount proposed to be paid to the law firm. After hearing the parties' arguments and reviewing their submissions, Surrogate's Court disallowed certain of the requested counsel fees and awarded $33,777.84. Respondent appeals.

Upon classifying the particular services rendered to an estate by counsel as being legal in nature (*see e.g. Matter of Passuello*, 184 AD2d 108, 111 [1992]; *Matter of McCranor*, 176 AD2d 1026, 1027 [1991]), Surrogate's Court is given broad discretion to determine whether compensation for those services is reasonable (*see* SCPA 2110; *Matter of Guattery*, 278 AD2d 738, 739 [2000]; *Matter of Graham*, 238 AD2d 682, 687 [1997]). Here, Surrogate's Court heard respondent's specific objections to the bills submitted by Miller, considered Miller's affidavit of legal services and supporting documentation, identified the amounts billed which could not be classified as legal fees, reduced the award of fees accordingly, and found the remaining services to be legal and the fees requested for them to be reasonable. Based upon the record before us and the fact that the counsel fees allowed here were significantly less than would be expected in an estate of this size, we find no error or abuse of discretion by Surrogate's Court in its determinations.

Respondent's remaining arguments have been reviewed and found to be unpersuasive.

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the decree is affirmed, with costs.