■ In the Matter of ANNE M. COSTANTINO, Deceased. LYNN REITZ, Respondent; JOANNE QUIRION, Appellant; and DAVID S. BRODERICK, Niagara County Public Administrator and Fiduciary of Estate of ANNE M. CONSTANTINO, Deceased, Respondent. [890 NYS2d 739]—

Appeal from an order of the Surrogate's Court, Niagara County (Sara S. Sperrazza, S.), entered February 28, 2007. The order approved the final account of respondent David S. Broderick, Niagara County Public Administrator, as modified by the allowance of attorney's fees and disbursements to petitioner's attorney.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Anne M. Costantino (decedent) and objectant, one of her daughters, opened three joint bank accounts with right of survivorship. After decedent died, respondent, as Niagara County Public Administrator and the fiduciary of decedent's estate, determined that the accounts were convenience accounts and that the sum of $5,499.68 removed by objectant from the joint accounts rightfully belonged to the estate. Objectant previously appealed from an order granting in part the motion of petitioner, who was also decedent's daughter, seeking summary

judgment dismissing the objections filed by objectant to the petition for judicial settlement of the account of proceedings. We modified the order "by providing that the issues to be determined at the hearing with respect to objection No. 4[, concerning the expenditures presently at issue,] are whether a joint tenancy with right of survivorship was created and, if it is determined that no such tenancy was created, whether the expenditures in question were on behalf of decedent's estate" (*Matter of Costantino*, 31 AD3d 1097, 1099 [2006]).

· Following a hearing, Surrogate's Court determined that the accounts were indeed convenience accounts, that the expenditures made by objectant were for her personal benefit and that a setoff against objectant's share of the estate was appropriate. Because the work of petitioner's attorney had increased the size of the estate to the benefit of all beneficiaries, the Surrogate also awarded attorney's fees and disbursements to petitioner's attorney as an estate expense.

We agree with objectant that the Surrogate erred in applying the doctrine of judicial estoppel in determining that the accounts were convenience accounts. Although objectant had not listed the joint accounts as assets during unrelated divorce proceedings, her "silence . . . is not sufficient to establish taking a position in the matrimonial action that was contrary to her current contention" (*Mikkelson v Kessler*, 50 AD3d 1443, 1444 [2008]). Furthermore, objectant testified that the matrimonial proceeding ended in a settlement and, generally, "a settlement does not constitute a judicial endorsement of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel" (*Manhattan Ave. Dev. Corp. v Meit*, 224 AD2d 191, 192 [1996], *lv denied* 88 NY2d 803 [1996] [internal quotation marks omitted]; *see Bates v Long Is. R. Co.*, 997 F2d 1028, 1032 [1993], *cert denied* 510 US 992 [1993]; *cf. State Farm Mut. Auto. Ins. Co. v Chandler*, 35 AD3d 588 [2006]).

Nevertheless, we conclude that the Surrogate properly determined that the accounts were convenience accounts. Petitioner rebutted the presumption of Banking Law § 675 by establishing " 'that the joint account[s] had been opened in that form as a matter of convenience only' " (*Matter of Stalter*, 270 AD2d 594, 596 [2000], *lv denied* 95 NY2d 760 [2000]; *see Matter of Friedman*, 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]; *Matter of Camarda*, 63 AD2d 837, 838 [1978]). Contrary to the final contentions of objectant, the Surrogate did not impose any sanctions for her purported misconduct in the unrelated matrimonial proceeding (*see* CPLR 3126), nor did the Sur-

rogate abuse her discretion in awarding compensation to petitioner's attorney for services he performed that ultimately benefitted the estate (see SCPA 2110 [1]; *Matter of Cohen*, 52 AD3d 1080, 1081 [2008]; *Matter of Bellinger*, 55 AD2d 448, 451-452 [1977]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.