■ HELENE FIXLER, Respondent, v STEVEN REISMAN, Also Known as RABBI STEVEN REISMAN and Others, Appellant, et al., Defendant. [21 NYS3d 139]—

In an action, inter alia, to recover damages for conversion, unjust enrichment, and breach of fiduciary duty, the defendant Steven Reisman appeals from so much of an order of the Supreme Court, Kings County (Silber, J.), dated March 5, 2014, as denied that branch of his motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Steven Reisman (hereinafter the defendant) are siblings. After their father's death, each of them allegedly received one half of the proceeds from their father's life insurance policy. The plaintiff claims that the defendant convinced her, in 2008, to transfer her share of the proceeds to a bank account in his name for safekeeping. At the time, the plaintiff was contemplating a divorce; she commenced a divorce action in 2011. When the plaintiff later checked on the account in 2012, the funds were no longer there. She commenced this action against, among others, the defendant, to recover the money.

Prior to answering the complaint, the defendant moved to dismiss the action insofar as asserted against him on the ground that the plaintiff had failed to disclose the account in the statement of net worth she filed in connection with the divorce action, and was therefore judicially estopped from claiming any ownership interest in the funds. The Supreme Court denied the motion. We affirm.

Contrary to the defendant's contention, the potential applicability of the doctrine of judicial estoppel in this case would depend, inter alia, on whether the plaintiff's alleged prior failure to list the subject funds—which were arguably her separate property (*see Raviv v Raviv*, 153 AD2d 932, 934

[1989])—was merely inadvertent, as the plaintiff contends, and whether she received any benefit in the divorce action as a result of the omission, which she specifically denies (*see Guarino v Guarino*, 211 AD2d 463, 464 [1995]). As these factual issues cannot be resolved on this record, the defendant's motion for relief pursuant to CPLR 3211 was properly denied.

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur. **[Prior Case History: 2014 NY Slip Op 30590(U).]**