■ Jaime Alberto Mejia-Gonzalez, Respondent-Appellant, v Oliver S. Storch, Appellant-Respondent. [50 NYS3d 9]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 8, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on liability and to dismiss defendant's affirmative defenses and counterclaim, and ruled that defendant must bear the cost of either traveling to depose plaintiff or conducting the deposition by video conference, unanimously modified, on the law, to grant the motion as to the second defense, and otherwise affirmed, without costs. Order, same court and Justice, entered September 3, 2013, which, to the extent appealed from, denied plaintiff's motion to seal certain documents, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 22, 2015, which granted defendant's motion for partial summary judgment dismissing plaintiff's request for punitive damages, and denied defendant's motion for reargument of so much of his motion for sum-

mary judgment as sought dismissal of the complaint based on judicial estoppel, unanimously reversed, on the law, with respect to defendant's motion to dismiss the request for punitive damages, and that motion denied, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.

The order denying defendant's motion for reargument is not appealable (*see e.g. Fontanez v St. Barnabas Hosp.*, 24 AD3d 218 [1st Dept 2005]). Defendant's claim that he actually moved for renewal is without merit.

Plaintiff failed to show that the judicial estoppel defense "is not stated or has no merit" (CPLR 3211 [b]). Plaintiff was a defendant in a federal criminal case in which he obtained relief (a lower fine and forfeiture amount) by omitting his claim that defendant owed him $200,000 from his sworn personal financial statement. Thus, defendant has stated a defense that plaintiff should be judicially estopped from claiming in the instant action that defendant owes him $200,000 (*see e.g. Manhattan Ave. Dev. Corp. v Meit*, 224 AD2d 191 [1st Dept 1996], *lv denied* 88 NY2d 803 [1996]).

As defendant concedes, his second defense, that "plaintiff is not entitled to any [of] the relief requested," is not an affirmative defense.

Plaintiff contends that he is entitled to summary judgment in the amount of $200,000 or, in the alternative, on liability. However, while nonrefundable retainer fee agreements are against public policy (*Matter of Cooperman*, 83 NY2d 465, 471 [1994]), defendant submitted an expert's affirmation saying that defendant's flat-fee retainer agreement was not a nonrefundable fee agreement. Furthermore, even if the agreement is found to be an unenforceable nonrefundable agreement, defendant will still be entitled to quantum meruit payment for services he actually rendered (*id.* at 475). In light of the parties' conflicting affidavits as to why plaintiff discharged defendant, plaintiff is not entitled to summary judgment on the ground that he discharged defendant for cause (*see Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 44 [1990]). Similarly, given the parties' conflicting affidavits about the work that defendant did, plaintiff has not established that defendant performed no services at all.

Plaintiff seeks to dismiss, pursuant to CPLR 3211, defendant's counterclaim for the $50,000 of the agreed-upon $250,000 that plaintiff did not pay. As indicated, issues of fact as to the retainer agreement and defendant's discharge preclude summary judgment. A fortiori, plaintiff is not entitled to dismissal of the counterclaim on the pleadings.

With respect to his request for punitive damages, plaintiff claims that defendant tried to coerce him into admitting crimes that he did not commit. Plaintiff also claims that, after he discharged defendant and asked for a refund, defendant threatened to write a harmful letter to the judge presiding over plaintiff's criminal case. "It is for the jury to decide whether [defendant's] . . . dealings with [plaintiff] were so reprehensible as to warrant punitive damages" (*Swersky v Dreyer & Traub*, 219 AD2d 321, 328 [1st Dept 1996], *appeal withdrawn* 89 NY2d 983 [1997]). To obtain punitive damages for breach of fiduciary duty in a tort case, plaintiff was not required to allege that defendant's conduct was directed to the general public (*Don Buchwald & Assoc. v Rich*, 281 AD2d 329, 330 [1st Dept 2001]).

As the motion court noted, defendant did not argue that traveling to the state where plaintiff is incarcerated or conducting a video conference would cause him financial hardship (*see* CPLR 3116 [d]).

Plaintiff utterly failed to show good cause for sealing the remaining unsealed documents (*see Mosallem v Berenson*, 76 AD3d 345, 349 [1st Dept 2010]). For example, the sample proffer agreement does not even mention him, and the indictment against him was unsealed by the federal court in October 2009. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.