Borrelli v Thomas (2021 NY Slip Op 03782)





Borrelli v Thomas


2021 NY Slip Op 03782


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1188 CA 20-00352

[*1]GLORIA BORRELLI, AS EXECUTRIX OF THE ESTATE OF DANIEL J. THOMAS, DECEASED, AND DERIVATIVELY AS A SHAREHOLDER OF NEW YORK STATE FENCE CO., INC., PLAINTIFF-RESPONDENT-APPELLANT,
v
TOM THOMAS, INDIVIDUALLY AND AS A DIRECTOR AND OFFICER OF NEW YORK STATE FENCE CO., INC., AND NEW YORK STATE FENCE CO., INC., DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 1.) 






ADAMS LECLAIR LLP, ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
PHILLIPS LYTLE LLP, ROCHESTER (ALAN J. BOZER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered February 11, 2020. The order, inter alia, granted the motion of defendants for leave to reargue their motion to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In August 2019, plaintiff Gloria Borrelli, as the executrix of the estate of Daniel J. Thomas and derivatively as a shareholder of New York State Fence Co., Inc. (NYSFC), brought this action seeking damages for, inter alia, breach of fiduciary duty against defendants Tom Thomas (Tom), individually and as director and officer of NYSFC, and NYSFC. Anthony Thomas (Anthony) and Dorothy Thomas (Dorothy) founded NYSFC in 1958. Initially, Anthony owned 51 shares in NYSFC, and Dorothy owned 49. During the 1980s and 1990s, Dorothy began gifting her shares to two of her sons, Tom and the decedent, Daniel J. Thomas. As of 1997, Anthony held 51 shares, Tom held 29 and the decedent held 20. In 2012, Anthony and Dorothy died, which resulted in several years of litigation regarding their estates. Specifically, a Surrogate's Court proceeding (hereafter, estate litigation) was commenced in 2013 by plaintiff and Joseph Thomas, who are also children of Anthony and Dorothy. The estate litigation has been before this Court on several prior appeals (Matter of Thomas, 179 AD3d 98 [4th Dept 2019]; Matter of Thomas, 148 AD3d 1763 [4th Dept 2017]; Matter of Thomas, 148 AD3d 1764 [4th Dept 2017]; Matter of Thomas, 124 AD3d 1235 [4th Dept 2015]; Matter of Thomas, 124 AD3d 1246 [4th Dept 2015]). Most recently, we affirmed the Surrogate's determination that Anthony's shares in NYSFC were sold and transferred to Tom prior to Anthony's death (see Thomas, 179 AD3d at 100).
In this action, defendants moved, inter alia, to dismiss the amended complaint pursuant to CPLR 3211 (a) (3) and (5). In support of their motion, defendants submitted, among other things, the affidavit of an attorney who represented the decedent in 1998 during a matrimonial action. Plaintiff opposed the motion and cross moved to strike the affidavit of the decedent's former attorney. Supreme Court granted defendants' motion in part, dismissed plaintiff's claims insofar as they accrued more than six years prior to the commencement of this action, and denied the remainder of the motion. The court also granted plaintiff's cross motion and struck the affidavit of the decedent's former attorney and all of the attachments thereto, including a [*2]statement of the decedent's net worth that had been submitted to the court during the matrimonial litigation.
Defendants thereafter moved pursuant to CPLR 2221 for leave to renew or reargue the motion. Defendants now appeal and plaintiff cross-appeals from an order that, inter alia, granted that part of defendants' motion seeking leave to reargue and, upon reargument, denied plaintiff's cross motion to strike the affidavit of the decedent's former attorney, determined that the statement of net worth attached to that affidavit is admissible in this action and directed that a hearing be held on the issue of plaintiff's standing. The court otherwise adhered to its prior determination.
We reject defendants' contention on their appeal that the court erred in refusing to dismiss the amended complaint as untimely. Specifically, defendants contend that the six-year statute of limitations for breach of fiduciary duty against a corporate officer expired prior to the commencement of this action in August 2019. According to defendants, the limitations period began to run no later than March 6, 2013, when plaintiff commenced the estate litigation, inasmuch as the decedent knew at that time that Tom had allegedly breached his fiduciary duty by claiming to be the sole shareholder of NYSFC. "In moving to dismiss the complaint on statute of limitations grounds, the defendant has the initial burden of establishing prima facie that the time in which to sue has expired . . . , and thus [is] required to establish, inter alia, when the plaintiff's cause of action accrued" (U.S. Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020] [internal quotation marks omitted]). "If the defendant meets that burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. [internal quotation marks omitted]). The breach of fiduciary duty cause of action "is subject to a six-year statute of limitations . . . , and . . . accrues when the fiduciary openly repudiates his or her obligation or the fiduciary relationship has otherwise been terminated" (Matter of Trombley, 137 AD3d 1641, 1642 [4th Dept 2016]). Here, defendants failed to meet their burden regarding when plaintiff's cause of action accrued inasmuch as there is no evidence in the record that Tom actually repudiated his obligations to the decedent, or when that alleged repudiation occurred (see generally Knobel v Shaw, 90 AD3d 493, 496 [1st Dept 2011]). Furthermore, to the extent that the petition filed in 2013 in the estate litigation could be read to affirmatively allege that Tom claimed to own all of the shares in NYSFC, those allegations cannot be imputed to the decedent because decedent was not a named party to the estate litigation and did not verify that petition.
Contrary to defendants' further contention, the court did not err in refusing to dismiss the amended complaint on the ground that plaintiff lacks standing. Standing "is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]). "Where, as here, a defendant makes a pre-answer motion to dismiss based on lack of standing, 'the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied' " (Matter of Violet Realty, Inc. v County of Erie, 158 AD3d 1316, 1317 [4th Dept 2018], lv denied 32 NY3d 904 [2018]). "In order '[t]o defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing' " (id.). There is no dispute that, during the matrimonial action in 1998, the decedent signed a statement of net worth that did not list any interest in NYSFC. Even assuming, arguendo, that, by submitting the statement of net worth in support of their motion, defendants satisfied their initial burden with respect to standing because the breach of fiduciary duty cause of action can be asserted only "by a holder of shares or of voting trust certificates on the corporation" (Business Corporation Law § 626 [a]), we conclude that plaintiff raised triable issues of fact whether the decedent's estate owns shares in NYSFC. Notably, plaintiff provided the affidavit of the decedent's ex-wife who stated that, at the time she filed for divorce, she knew that the decedent owned shares in NYSFC. The ex-wife stated that her attorney recommended that she pursue an interest in the decedent's shares in NYSFC, but she refused and her attorney followed that directive. The ex-wife further stated that, "[a]ccordingly, the separation agreement, which was incorporated but not merged into the judgment of divorce, did not make any distribution based on [the decedent's] shares to [NYSFC]." Plaintiff also submitted excerpts from the decedent's deposition testimony from the estate litigation in which the decedent testified that he never gave up his shares of NYSFC and that he and Tom owned [*3]shares of the company.
We similarly reject defendants' contention that plaintiff lacks standing based upon judicial estoppel. "The doctrine of judicial estoppel, also known as the 'doctrine of estoppel against inconsistent positions[,] . . . precludes a party from framing his [or her] pleadings in a manner inconsistent with a position taken in a prior judicial proceeding' " (Secured Equities Invs. v McFarland, 300 AD2d 1137, 1138 [4th Dept 2002]). "The doctrine applies only where the party secured a judgment in his or her favor in the prior proceeding" (Bihn v Connelly, 162 AD3d 626, 627 [2d Dept 2018]; see Matter of Mukuralinda v Kingombe, 100 AD3d 1431, 1432 [4th Dept 2012]). Based upon the affidavit of the decedent's ex-wife, we cannot conclude that the decedent and plaintiff, as the representative of his estate, have taken inconsistent positions in the matrimonial action and the current action (see generally Fixler v Reisman, 133 AD3d 709, 709-710 [2d Dept 2015]; Matter of Costantino, 67 AD3d 1412, 1413 [4th Dept 2009]; Mikkelson v Kessler, 50 AD3d 1443, 1444-1445 [3d Dept 2008]). Furthermore, the decedent did not secure a judgment in his favor in the matrimonial action (cf. Bihn, 162 AD3d at 628). Generally, " 'a settlement does not constitute a judicial endorsement of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel' " (Costantino, 67 AD3d at 1413; cf. Manhattan Ave. Dev. Corp. v Meit, 224 AD2d 191, 192 [1st Dept 1996], lv denied 88 NY2d 803 [1996]), and here, in support of their motion to dismiss the amended complaint, defendants submitted evidence that the underlying matrimonial action ended in a settlement. Specifically, defendants submitted the judgment of divorce, which reflects that the decedent and his ex-wife entered into an oral stipulation, which was incorporated by reference, but not merged into the judgment of divorce, that resolved all issues with respect to equitable distribution, including any "claims by [the decedent's ex-wife] for any interest [decedent] may or may not have in any business."
We have reviewed the remaining contentions of the parties, including those presented by the plaintiff in her cross appeal, and conclude that none warrants reversal or modification of the order.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court