Matter of Ruth A. Timm Irrevocable Trust (Moore--St. Julien) (2023 NY Slip Op 06285)

Matter of Ruth A. Timm Irrevocable Trust (Moore--St. Julien)

2023 NY Slip Op 06285

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

533523
[*1]In the Matter of the Ruth A. Timm Irrevocable Trust et al. Scott D. Moore, Respondent; Glenn T. St. Julien, Appellant, et al., Respondent.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Scott D. Moore, Elmira, respondent pro se.

Aarons, J.
Appeal from an order of the Surrogate's Court of Schuyler County (Matthew C. Hayden, S.), entered May 11, 2021, which partially granted petitioner's application, in a proceeding pursuant to SCPA article 21, for an order setting his compensation for legal services rendered.
Respondent Glenn T. St. Julien (hereinafter respondent) retained petitioner to represent him in two judicial accountings of two trusts, of which respondent was a beneficiary. In those judicial accountings, respondent objected to the trustee's accounting, but his objections were ultimately dismissed. Respondent thereafter terminated petitioner as his attorney. Petitioner commenced this proceeding pursuant to SCPA article 21 requesting that Surrogate's Court fix and determine compensation and award him $19,296.58 in counsel fees based upon his representation of respondent. In response, respondent submitted various letters requesting, among other things, that the matter be referred to arbitration under the Fee Dispute Resolution Program of the Rules of the Chief Administrator of the Courts (see 22 NYCRR 137.2). Following a hearing, the court rendered an oral decision denying respondent's request for arbitration and granting the petition to the extent of awarding petitioner $19,139.08 in counsel fees. The court's decision was subsequently embodied in a May 2021 order, from which respondent appeals.
"The Surrogate's Court, as a court of limited jurisdiction, may exercise only the powers conferred upon it by statute and those powers incidental, inherent or necessary to do justice in a particular case to which its jurisdiction extends" (Matter of Stortecky v Mazzone, 85 NY2d 518, 524 [1995] [citation omitted]). That said, Surrogate's Court is authorized by statute "to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested" (SCPA 2110 [1]; see Matter of Cook, 177 AD3d 1214, 1216 [3d Dept 2019]). Indeed, "Surrogate['s Court] bears the ultimate responsibility to decide what constitutes reasonable legal compensation in estate matters [and] . . . is not bound by the existence of a retainer agreement or other agreement between the parties as to the fees in question" (Matter of Middagh, 267 AD2d 593, 593 [3d Dept 1999] [internal quotation marks and citations omitted]).
In view of the foregoing, especially SCPA 2110, Surrogate's Court had subject matter jurisdiction to fix the amount of counsel fees due to petitioner in connection with his representation of respondent in the judicial accountings. Respondent nonetheless asserts that petitioner was required to comply with the rules governing the Fee Dispute Resolution Program and arbitrate this matter. The Fee Dispute Resolution Program, however, is a creature of court rules and does not supplant or otherwise displace the authority of Surrogate's Court to fix counsel fees — authority conferred by statute. Of course, the parties were mutually free to [*2]resolve their issues under the Fee Dispute Resolution Program, but they were not required to do so.
Moreover, the Fee Dispute Resolution Program does not apply to "claims involving substantial legal questions, including professional malpractice or misconduct" (22 NYCRR 137.1 [b] [3]). In the letters opposing the petition, respondent complained that petitioner acted with a lack of diligence, did not have respondent's best interests in mind and submitted incorrect and vague legal documents in the judicial accountings that required correction. At the hearing, respondent also testified that he had to correct a memorandum of law prepared by petitioner and that, if it had been done properly the first time, unnecessary money and time would not have been expended. Given the allegations and hearing testimony, the Fee Dispute Resolution Program does not apply to this petition (see 22 NYCRR 137.1 [b] [3]).
As to the merits of the petition, Surrogate's Court should consider "the time commitment involved, the relative difficulty of the matter, the nature of the services provided, counsel's experience and the results obtained" when fixing counsel fees (Matter of Middagh, 267 AD2d at 593-594; see Matter of Drossos, 26 AD3d 602, 603 [3d Dept 2006], lv denied 7 NY3d 702 [2006], lv dismissed 7 NY3d 807 [2006]). Absent an abuse of discretion, the court's award of counsel fees will not be disturbed (see Matter of Campagna, 267 AD2d 512, 514 [3d Dept 1999]). In reaching its decision, the court factored the documentary evidence, the nature of the judicial accountings, the motion practice and the difficulty of the objections raised therein and the testimony of the parties. Of note, the court found petitioner's testimony to be credible. Because the record discloses that the court did not abuse its discretion, the award of counsel fees will not be disturbed (see Matter of Cohen, 52 AD3d 1080, 1081 [3d Dept 2008]; Matter of Rockefeller, 44 AD3d 1170, 1172-1173 [3d Dept 2007]; Matter of Klein, 285 AD2d 718, 719 [3d Dept 2001]; Matter of Guattery, 278 AD2d 738, 739 [3d Dept 2000]).
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.