■ ETHEL SCULL, Appellant, v MARIE DICKSON et al., as Executors and Trustees of ROBERT C. SCULL, Deceased, Respondents.—Amended order and judgment (one paper), Supreme Court, New York County (Richard W. Wallach, J.), entered on December 19, 1985 unanimously modified, on the law and the facts, to the extent of granting plaintiff prejudgment interest on the $1,084,000 awarded as her share of the net proceeds of sale of certain works of art and the matter remanded to the trial court for a determination of the exact amount of such interest and the dates from which such interest would run and, except as thus modified, the amended order and judgment is otherwise affirmed, without costs. The appeal from order and judgment (one paper) of said court which was entered on April 18, 1985 is dismissed, without costs, having been subsumed in the appeal from the amended order and judgment.

By prior order (94 AD2d 29) of this court a constructive trust was imposed on, *inter alia,* certain art work owned by the parties. The amended order and judgment on this appeal delineated the precise division and distribution of the property. As to those works of art still possessed by the parties, the court devised a scheme whereby the ownership of the specific works of art would be distributed. As to those works of

art which had been sold by the defendant husband during the long pendency of this action, the court awarded the plaintiff 35% of the net proceeds, of which $1,084,000 was established to be plaintiff's share after certain adjustments.

The plaintiff should be awarded prejudgment interest on this sum. The sales of these art works, made at various times during the 10-year period from 1973 to 1983, deprived the plaintiff of her share of what would have been a tremendous appreciation in the value of said works had they not been sold. Needless to say, only the defendant had full benefit and use of the cash proceeds during this time. As a consequence, he should be required to pay interest for the use of such moneys.

By imposing a constructive trust upon the defendant, our previous order expressly recognized that defendant would be unjustly enriched if the proceeds from the sale of the art works were left in his hands alone. Since the constructive trust imposed on defendant a duty to pay the plaintiff a share of the value of the benefit which he has received, there is also a duty to pay interest on the value of the benefit received. *(See generally,* Restatement of Restitution §§ 156-157.) To do otherwise would be an injustice to the plaintiff, who has been deprived since 1973 of the benefit of the cash proceeds which have been determined to be rightfully hers. Concur—Ross, J. P., Carro, Asch and Ellerin, JJ.