■ In the Matter of the Estate of AARON DIAMOND, Deceased. DORNBUSH MENSCH MANDELSTAM & SCHAEFFER et al., Appellants; AARON DIAMOND FOUNDATION, INC. (ULTIMATE CHARITABLE BENEFICIARY), Respondent. [631 NYS2d 748] —In a proceeding to settle the account of the trustees of the estate of Aaron Diamond, (1) Patterson, Belknap, Webb & Tyler appeal from so much of a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated September 24, 1993, and two underlying decisions of the same court, dated October 14, 1992, and June 30, 1993, respectively, as disallowed the disbursements and expenses which had been paid to it by the trustees and directed it to return such sums to the trustees, (2) Owen & Davis and Cravath, Swaine & Moore, separately appeal, as limited by their briefs, from those portions of the same decree and underlying decisions as disallowed the disbursements and expenses which had been paid to them by the trustees and directed them to return such sums to the trustee, and (3) Dornbush, Mensch, Mandelstam & Schaeffer separately appeals from so much of the same decree and underlying decisions as disallowed the disbursements and expenses which had been paid to it by the trustees, directed it to return such amounts to the trustees, and released and discharged the trustees from further responsibility, liability, and accountability to it.

Ordered that the appeals from the decisions are dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal of Patterson, Belknap, Webb & Tyler is dismissed, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the decree is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is by now well-settled that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable

legal compensation (see, Matter of Mergentime, 207 AD2d 452; Matter of Verplanck, 151 AD2d 767, 768; see also, Matter of Smolley, 188 AD2d 535). Under the circumstances of this case, we conclude that the Surrogate's Court properly exercised its discretion in not awarding disbursements and expenses (see, Matter of Zalaznick, NYLJ, Nov. 19, 1976, at 11, col 1, affd 61 AD2d 772).

We have examined the remaining contention of the appellant Dornbush, Mensch, Mandelstam & Schaeffer and find it to be without merit. Sullivan, J. P., Thompson, Santucci and Krausman, JJ., concur.