■ LEONA M. ROBISON, as Coexecutor of WALTER L. VON LANGENDORFF, Also Known as WALTER LANGER, Deceased, Respondent-Appellant, and JOHN P. REINER, as Coexecutor of WALTER L. VON LANGENDORFF, Also Known as WALTER LANGER, Deceased, Respondent, v GABRIELE L. VON LANGENDORFF, Appellant-Respondent. [633 NYS2d 303] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about August 2, 1994, which, *inter alia*, granted the coexecutors' petitions for attorney fees, but denied that portion of the coexecutrix's petition which sought payment for attorney fees

incurred in connection with her third-party declaratory judgment action against her liability insurer, unanimously modified, on the law and the facts, to the extent of granting the fee petitions in their entirety, and otherwise affirmed, without costs.

Petitioners are the coexecutors of the estate of the former owner of Evyan Perfumes, Inc. After the testator's death, the corporation was dissolved and the business continued as an association run by the estate, with coexecutrix Robison continuing as its president. Respondent widow and Robison are each the beneficiary of one-half of the residuary pursuant to a 1988 stipulation settling the protracted probate proceeding.

After Evyan was sold to another corporation, 80 of the company's 240 employees brought an action in Supreme Court against Evyan, the estate, Ms. Robison and the purchaser. Among the allegations was that Ms. Robison had breached her oral promise, made prior to the sale, that in exchange for the employees' forbearance from accepting raises and from engaging in labor practices that might render Evyan unattractive to prospective purchasers, they would be provided with one year of severance pay and a continued six months of medical benefits after the sale was completed.

The action, in which over $10 million was sought, was settled for $800,000, $125,000 of which was advanced by coexecutrix Robison personally. She made such payment in order to expedite the settlement as her coexecutor would not allow the expenditure without a court order and the time needed to pursue such relief might have jeopardized the agreement. During her defense of the employee lawsuit, Robison was forced to implead her own liability insurer, which insured her both as coexecutrix and as a member of Evyan's management, in order to obtain a declaration with respect to her right to coverage and a defense.

The Surrogate properly awarded fees to the coexecutors for services rendered in the defense of the employee lawsuit. The coexecutors' decision preserved the assets of the estate in avoiding the risk of a substantial exposure. In view of the foregoing, we find there was no justification for denying that portion of Ms. Robison's attorney fees that were allocable to her third-party action, and we have modified accordingly.

The Surrogate properly awarded fees and determined their amount without a hearing, since the affidavits and supporting contemporaneous time records constituted sufficient proof. All that is required is an opportunity to be heard, and it is clear from the Surrogate's decision, as well as from the disallowance

of $11,400 in fees to which objection was raised and for which time records were not supplied, that the relevant factors were considered.

We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.