(September 5, 2002)

■ In the Matter of BERNARD LAFFERTY et al., as Executors of DORIS DUKE, Deceased. STERN & GREENBERG et al., Appellants; DORIS DUKE CHARITABLE FOUNDATION et al., Respondents. [746 NYS2d 709]

The Surrogate was not required to rubber stamp the settlement agreement between petitioner Katten Muchin Zavis, the Attorney General and the Doris Duke Charitable Foundation (the sole residuary beneficiary of the estate) pursuant to which the firm would receive $9.6 million of the $15.3 million in fees and disbursements originally sought, even though the agree-

ment was the product of good faith negotiations. Rather, the Surrogate properly inquired into the reasonableness of those fees and disbursements, in light of its observations of the firm's overstaffing and performance of work duplicative of that rendered by other firms, and the extraordinary amounts involved, which would otherwise inure to the benefit of charity (*see, Matter of Stortecky v Mazzone*, 85 NY2d 518; *Matter of Verplanck*, 151 AD2d 767). Indeed, the firm expressly acknowledged in the agreement that the settlement was subject to the Surrogate's review.

While we disagree with petitioners' assertions that the Surrogate's award of $7.3 million to Katten Muchin Zavis and the three other law firms that represented the preliminary coexecutors was arbitrarily "plucked out of the air" or was improvident, we do find that award to be somewhat less than what is suggested by our review of the record. This Court is well aware of the services rendered by these firms in this matter, having been privy to numerous conferences and proceedings during its pendency. Thus, based upon this familiarity, the record and our consideration of the *Potts* factors (*see, Matter of Potts*, 213 App Div 59, 62, *affd* 241 NY 593; *Matter of Freeman*, 34 NY2d 1, 9), we determine that those fee awards should be increased to the amounts indicated, supra. Similarly, we find that an increase was warranted for Farrell Fritz, P.C., which represented the four attesting witnesses. Contrary to petitioners' assertions, a court is not required to start with the firms' fee requests and make specific deductions therefrom (*see, Matter of Guattery*, 278 AD2d 738, 739), which method would, in this instance, place undue emphasis on the number of hours billed and rates charged to the exclusion of the other *Potts* factors (*see, Matter of Mergentime*, 207 AD2d 453). Moreover, we reject Farrell Fritz, P.C.'s contentions that the Surrogate lacked authority to review its fees and denied it the opportunity to be heard (*see, Robison v von Langendorff*, 221 AD2d 189, 190).

The Surrogate properly disallowed all of the $52,142.41 in fees sought by petitioner Leonard B. Levine, who provided criminal defense services to Dr. Charles Kivowitz, one of the attesting witnesses to the will that was eventually admitted to probate, in connection with an investigation by the Los Angeles Police Department, since such services provided no benefit to the estate, and Kivowitz was represented by Farrell Fritz in connection with his testimony concerning the will at issue.

Neither Cravath nor Farrell Fritz demonstrated that the in-house photocopying for which they sought reimbursement reflected actual costs, was necessary or could be attributed

solely to the estate, and Farrell Fritz's markup for long distance faxes is precisely the type of overhead expenses traditionally disallowed (*see, Matter of Aitken,* 160 Misc 2d 587, 588).

In light of the fact that the firms knew the Surrogate might order them to return all or a portion of the fees or disbursements they received from the estate, and enjoyed the use of those monies, which otherwise would have been available to the charitable foundation, the award of interest was not improvident (*see,* CPLR 5001 [a]). Nevertheless, in view of the good faith evinced by all parties, we modify to set the date from which interest accrues to November 21, 2000. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.