In the Matter of ALFREIDA B. KENNY, as Guardian of the Property of SHIRLEY I. ELLMAN, an Incapacitated Person, Appellant. [777 NYS2d 432]—

Order, Supreme Court, New York County (William P. McCooe, J.), entered April 1, 2003, which, in a proceeding under Mental Hygiene Law article 81, denied appellant guardian's motion to amend an order, entered February 7, 2003, holding part of her commission in abeyance pending further explanation of certain

items; held the accountant's fee in abeyance pending the filing of an affidavit of services and a later decision as to whether the preparation of the annual account should be chargeable to appellant, and refused to reimburse appellant for office expenses, unanimously modified, on the law and the facts, to award appellant the remainder of her statutory commission ($9,717.15), and to permit her to pay the accountant's fee ($9,175) out of the incapacitated person's funds, and otherwise affirmed, without costs.

The order appointing appellant, as amended, stated that her compensation was to be in accordance with SCPA 2307; that she was to be reimbursed for all reasonable disbursements in administering the guardianship; and that she could retain an accountant and pay up to $15,000 for that purpose without court order. Thus, in the absence of any finding of wrongdoing on appellant's part, the IAS court was required to award appellant the full commission authorized by SCPA 2307 (1) (*see Matter of Turner*, 307 AD2d 828 [2003]; *Matter of Arnold O.*, 279 AD2d 774, 777 [2001]), and the full amount of the accountant's fee, which was under $15,000, and in any event justified by an affidavit of services that indeed had been filed (*see Turner id.*). However, the IAS court properly refused to permit appellant to reimburse herself for office expenses from the incapacitated person's funds (*see Matter of Graham*, 238 AD2d 682, 687 [1997]). Although appellant made the "threshold showing" that duplicating, postage, faxes, etc. were not included as part of her overhead or billing rate (*see Perez v Rodino*, 184 Misc 2d 855, 859 [2000]), she did not show, for example, that her in-house photocopying reflected actual costs (*see Matter of Lafferty*, 297 AD2d 469, 470 [2002]), that there was no markup for long-distance faxes (*id.* at 471), or that messengers and overnight delivery were used only when time was of the essence (*see Matter of Aitken*, 160 Misc 2d 587, 591 [1994]). Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.