In the Matter of the Estate of RENATE HOFMANN, Deceased. CHADBOURNE & PARKE LLP, Appellant; JPMORGAN CHASE BANK, N.A., et al., Respondents, et al., Respondents. [832 NYS2d 508]—

Decree, Surrogate's Court, New York County (Eve M. Preminger, S.), entered September 23, 2005, which, inter alia, determined and fixed the fees of Chadbourne & Parke LLP (Chadbourne) at $300,000 plus $59,359.86 disbursements, and directed that Chadbourne return $720,493.20 plus predecision interest of $376,453.09, at the statutory rate of 9%, from June 25, 1996 to April 15, 2002, unanimously affirmed, with costs.

The Surrogate, after considering the proper factors (*see Mat-*

*ter of Freeman*, 34 NY2d 1, 9-10 [1974]; *Matter of Potts*, 213 App Div 59 [1925], *affd* 241 NY 593 [1925]), properly exercised her broad discretion (*see Matter of Sall*, 292 AD2d 195 [2002], *lv denied* 98 NY2d 606 [2002], *appeal dismissed* 98 NY2d 726 [2002]; *Matter of Marsh*, 265 AD2d 253 [1999], *lv denied* 95 NY2d 755 [2000], *appeal dismissed* 95 NY2d 956 [2000], *cert denied sub nom. Lefkowitz v Bank of New York*, 532 US 1038 [2001]) in concluding that Chadbourne had met its burden to prove the reasonableness of its proposed fee (*see Matter of Hughes*, 214 AD2d 353 [1995]) only to the extent of the above-detailed award. While this Court had previously noted that Chadbourne's position in this matter was "fraught with difficulty" (*see Matter of Hofmann*, 287 AD2d 119, 124 [2001]), that statement in no way quantified the amount of fees to which Chadbourne was reasonably entitled, and did not preclude the Surrogate from finding that Chadbourne's efforts had been minimal. Nor was Chadbourne entitled to a "premium" on its fee for the result it obtained. While its efforts were a "success," Chadbourne actually opposed the result for which it now seeks a "premium," and delayed the consummation of the settlement while it sought releases for its individual clients, providing no benefit to the estate. Contrary to Chadbourne's contention, the Surrogate was not required to provide detailed calculations for its fee award (*see Matter of Duke*, 297 AD2d 469 [2002]; *Matter of Guattery*, 278 AD2d 738, 739 [2000]).

Predecision interest was properly assessed as against Chadbourne inasmuch as it retained the excess fee from the estate for some six years, to its benefit, while denying the estate the use of the funds (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26 [2002]; *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]; *Yalango v Popp*, 232 AD2d 844 [1996]; *Scull v Dickson*, 127 AD2d 544 [1987]). The assessment was particularly appropriate here, since the record supports the conclusion that Chadbourne was the cause of lengthy delay in fixing the fees (*compare Matter of Duke*, 297 AD2d at 471).

The Surrogate properly reduced Chadbourne's claim for disbursements. Chadbourne does not attempt to refute the court's determination that its billing records do not reflect whether the disbursements represented actual costs to Chadbourne, and the Surrogate could have denied Chadbourne's disbursements claim altogether based on that failure (*see Matter of Ellman*, 7 AD3d 423, 424 [2004] *Matter of Duke*, 297 AD2d at 470-471; *Matter of Diamond*, 219 AD2d 717, 718 [1995]).

Concur—Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.