**Matter of Lundy-Smith (Smith)**

2024 NY Slip Op 32091(U)

June 17, 2024

Surrogate's Court, New York County

Docket Number: File No. 2012-3497/A/B/C

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x
In the Matter of the Application of CAROLYN LUNDY-
SMITH, as Administrator of the Goods, Chattels and
Credits Which Were of

              FREDERICK SMITH,
              a/k/a FREDERICK O. SMITH

              Deceased,

For Leave to Compromise, Settle, Collect, and Distribute
the Proceeds of a Certain Cause of Action for Personal
Injury and to Settle her Account.
--------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.
JUN 1 7 2024

File No.: 2012-3497/A/B/C

GINGOLD, S.

       Petitioner's petition for leave to compromise a cause of action for decedent's conscious pain and suffering was filed on July 31, 2023, in which petitioner's attorney asked to be reimbursed $63,322.21 for disbursements. After the court requested information regarding disbursements in accordance with *Estate of Herlinger*, NYLJ, Apr. 28, 1994 at 29 col. 3 [Sur Ct, NY County 1994], petitioner's counsel filed an affirmation to amend the petition with a list of the disbursements attached as an exhibit on December 15, 2023, decreasing the requested disbursements to $61,705.09 by removing travel expenses. The list of disbursements still failed to comply with *Herlinger*. On February 1, 2024, the court requested (1) an affirmation from counsel describing every charge, (2) proof of every charge, and (3) a separate memorandum of law to support each disbursement request. Petitioner's attorney did not respond or file any documents with the court, and so the court issued an order on April 18, 2024 ordering that petitioner file with the court (1) an affirmation of counsel describing every charge listed on the itemized list of disbursements, (2) proof of every charge, and (3) a separate memorandum of law to support such disbursement requests within thirty days, or the court would strike that portion of the petition.

[* 1]

On May 16, 2024, petitioner filed an attorney affirmation regarding disbursements with seventy-eight exhibits, a memorandum of law in support of attorney disbursements, and a supplemental affirmation to amend petition as to disbursements. In the supplemental affirmation, counsel reduced the requested disbursements to $47,991.16. The documents were not appropriately tabbed, and the ink was so light that the documents were illegible when scanned by the court. In fact, the court contacted counsel directly on June 12, 2024 to explain that her papers were unacceptable in their present format and needed to be resubmitted.

"It is settled law that the Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal compensation, regardless of the existence of a retainer agreement" [*Matter of Nicastro*, 186 AD2d 805, 805 [2d Dept 1992] [internal citation omitted] [finding the Surrogate did not improvidently exercise his discretion in fixing attorney compensation in an application for leave to compromise and settle a wrongful death claim]; *see Matter of Diamond*, 219 AD2d 717, 717 [2d Dept 1995] [affirming the Surrogate's decision to not award disbursements]). In determining a reasonable attorney's fee, the court should consider factors such as time and labor; difficulty of the questions involved, the amount involved; counsel's experience, ability, and reputation; the contingency or certainty of compensation; and the customary fee charged for such services (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *JK Two LLC v Garber*, 171 AD3d 496, 496 [1st Dept 2019] [affirming the lower court's use of the appropriate factors in determining attorneys fees]; *Matter of Cincotta*, 139 AD3d 1058, 1059-60 [2d Dept 2016] [finding the referee properly determined attorneys fees, rejected unsubstantiated disbursements sought by the attorney and found the billing entries lacked detail]).

Here, even in counsel's supplementary documentation, many disbursement requests did not adequately state what the charges were for. Many exhibits did not include independent proof

2

of such charges, instead providing only copies of checks from counsel's firm or other documents that did not provide proof of the charges. Moreover, counsel still has not provided the court with any meaningful substantive explanation for the vast number of charges seeking reimbursement. For example, counsel requests reimbursement of thousands of dollars to an expert witness, but does not explain why an expert witness was required for a case that settled in mediation. Petitioner's four-page memorandum of law does not address how such charges are reasonable based on the work provided by counsel, or even discuss the need for an expert witness in the case.

Counsel also requests reimbursement for work performed by Total Trial Solutions, LLC even though the work performed by the LLC appears to be law office overhead. Total Trial Solutions, LLC is described in counsel's retainer agreement as providing "a very broad menu of litigation support services." The retainer agreement also states that "Total Trial is owned in whole or in part by Andrew Finkelstein, Partner of [counsel's] Law Firm." In her memorandum of law, counsel argues that she should be reimbursed for work performed by Total Trial Solutions, LLC, citing *Estate of Herlinger* (NYLJ, Apr. 28, 1994 at pg. 29 col. 3 [Sur Ct, NY County 1994]). *Herlinger* allows an attorney to apply for reimbursement of out-of-pocket expenses upon the representation that it is the attorney's normal practice to bill separately for such disbursements and that an accurate method of allocation has been established (*id.*). Counsel argues that she should be reimbursed because it is counsel's normal practice to bill separately for work performed by Total Trial Solutions, LLC, and because there is a separate provision for Total Trial Solutions, LLC in counsel's retainer agreement.

However, *Herlinger* also states "[a]ttorneys should not be permitted to charge clients for expenses long considered to be part of law office overhead when there has not been a corresponding decrease in the hourly rate charged for legal services (which presumably do include

3

overhead)" (*id.; see also Matter of Stiftung*, NYLJ, Nov. 17, 2014 at 23, col. 1 [Sur Ct, NY County 2014]). Here, counsel requests to be paid a contingency fee equal to one third of the settlement amount as her attorneys fees. The one third contingency fee is presumed to include law office overhead. Counsel has failed to demonstrate how the services performed by Total Trial Solutions, LLC decreases the rate charged for legal services when the rate for legal services is a flat contingency fee. There is no reason why counsel, allegedly a full-service law firm, should hire an outside LLC to perform services generally considered law office overhead. In addition, there is a question as to whether an LLC owned by a partner at counsel's law firm can be considered an outside LLC.

Accordingly, it is hereby

ORDERED that petitioner's application for leave to compromise a cause of action for decedent's conscious pain and suffering is denied with leave to renew upon proper paper papers with shall include fully legible supplemental affirmations, memoranda of law, and attorney affirmations regarding disbursements. All documents must be properly tabbed for court consideration. Counsel has until June 28, 2024 to file appropriately.

The Clerk of the Court is directed to email a copy of this decision of the Court to counsel as listed below.

Dated: June 17, 2024

_____
S U R R O G A T E

To:   Annie Ma, Esq.
      Jacoby & Meyers, LLP
      ama@foalaw.com
      *Counsel for Petitioner*

4