Matter of Johnson (2024 NY Slip Op 05768)

Matter of Johnson

2024 NY Slip Op 05768

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 0417/05/A/B/C Appeal No. 3074-3075 Case No. 2023-01831, 2024-00018 

[*1]In the Matter of Edward Johnson Also Known as Edward D. Johnson, Deceased.

Annie L. Cumma, Petitioner-Respondent,
Sheryl R. Menkes, Respondent-Appellant, William S. Friedlander, Claimant-Respondent.

Menkes Law Firm, New York (Sheryl R. Menkes of counsel), for appellant.
Law Offices of Daniel J. Reiter, New York (Daniel J. Reiter of counsel), for Annie L. Cumma, respondent.
Friedlander & Friedlander, P.C., Ithaca (William S. Friedlander of counsel), for William S. Friedlander, respondent.

Amended decree, Surrogate's Court, New York County (Rita Mella, S.), entered March 24, 2023, bringing up for review orders, same court and Surrogate, entered March 22, 2023 and October 14, 2022, insofar as they disallowed respondent Sheryl R. Menkes's claim for disbursements of $4,921.31 and $2,976.22, deducted $9,375 from her award of attorneys' fees as reimbursement of the expenses of claimant William S. Friedlander, and determined that collection of less than the amount of the judgment plus interest, costs, and disbursements was not detrimental to the estate, unanimously affirmed, with costs.
The court providently exercised its broad discretion in declining to reimburse respondent for $2,976.22 and $4,921.31 in disbursements based on the court's reasonable assessment of the likely recovery in the action and the finding that those expenses were not warranted (see Matter of Hofmann, 38 AD3d 366, 366-367 [1st Dept 2007], lv denied 9 NY3d 801 [2007]).
The court's determination that respondent entered into an agreement with claimant to reimburse his expenses was supported by the record, including a February 24, 2016 email in which respondent electronically signed a revised retainer agreement which provided that she would pay his expenses, and a series of emails between them in which she reiterated her agreement. Although respondent argued that she agreed to pay claimant's expenses under duress because he threatened to quit as trial counsel on the eve of trial, she did not demonstrate both a wrongful threat and that the threat had the effect of precluding the exercise of her free will (see Philips S. Beach, LLC v ZC Specialty Ins. Co., 55 AD3d 493, 493 [1st Dept 2008], lv denied 12 NY3d 713 [2009]). In addition, she did not promptly repudiate the agreement after the trial(see Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp., 14 AD3d 352, 353 [1st Dept 2005]).
The court's negative comments regarding respondent's recordkeeping were dicta and, thus, are not appealable. In any event, the court's comments were justified by respondent's numerous contradictory revisions to her claimed disbursements and her filing of the retainer agreement ten years after it was due.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024