| Matter of Haywood |
|:---:|
| 2026 NY Slip Op 30919(U) |
| March 12, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2020-333/A/B/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT: NEW YORK COUNTY
------------------------------------------------------------X
In the Matter of the Application of Tanisha Allen
and Marjorie Loban as Co-Administrators of the
Goods, Chattels and Credits Which Were of

MIKEAL HAYWOOD,

Deceased,

For Leave to Compromise a Certain Cause of
Action for Wrongful Death of the Decedent and to
Render and Have Judicially Settled an Account of
Proceedings as Such Co-Administrator.
------------------------------------------------------------X

DECISION and ORDER

File no. 2020-333/A/B/C

GINGOLD, S.

     In this compromise and accounting proceeding, Mikeal Haywood (hereinafter, "decedent")

died intestate on August 29, 2019, at age 18. He was survived by his mother, Tanisha Allen, and

father, Michael Haywood. Limited Letters of Administration issued to Tanisha Allen and Marjorie

Loban (collectively, "petitioners") on October 13, 2020.

     In this compromise and accounting petition first filed with the court on January 24, 2023,

petitioners sought authorization to compromise and settle a claim for the wrongful death of

decedent for $300,000.00; approve payments of $84,772.79 for attorneys fees and $45,681.62 for

disbursements, $9,850.00 to funeral creditor Tanisha Allen, $2,493.04 in satisfaction of American

Medical Response's lien, and $245.00 in satisfaction of Automated Records Collection's lien;

disqualify decedent's father, Michael Haywood, from distribution for abandonment or failure to

provide for decedent; and authorize payment of 100% of the net settlement amount to Tanisha

Allen. The petition alleged Michael Haywood never provided decedent any support—emotional,

spiritual, familial, financial or otherwise. It also alleged that in accordance with EPTL 4-1.4[a],

Michael Haywood failed to support his son; never had a period in which he supported his son, and

[* 1]

therefore could not resume support; in all ways abandoned his son; and did not put his son up for adoption. Attached as an exhibit, but without explanation, was a photocopy of a report from Detective.com dated January 3, 2020 confirming Michael Haywood was incarcerated, and providing an address for the prison in Guyana.

The New York State Department of Taxation and Finance, by its attorney Kileen Davies, Esq., filed a waiver of citation and consent dated August 23, 2022. The compromise petition was subsequently amended by attorney affirmations filed on August 29, 2023 and May 21, 2024, to include a request for $7,278.28 total fiduciary commissions. Citation issued May 22, 2024, with a return date of July 24, 2024. The court appointed William J. Barber, Esq., as guardian ad litem (hereinafter, GAL") on August 5, 2024 for Michael Haywood, who was believed to be incarcerated in Guyana.

GAL filed an interim report on January 6, 2025 stating his ward was alleged to have been released from prison in 2022, and that his whereabouts were unknown. Based on this information, the court amended its guardian ad litem order to state Michael Haywood's whereabouts were unknown and issued a publication order for Michael Haywood on January 27, 2025. The same day, the court issued an interim order, ordering petitioners to file with the court, within thirty days of the date of the order, (1) an affirmation of counsel providing a detailed description of all disbursements; (2) proof of every charge for which counsel is requesting reimbursement; (3) a separate memorandum of law to support the respective disbursement requests; (4) a copy of the trial transcript, and (5) proof of Michael Haywood's alleged failure to support his son/child – the decedent, Mikeal Haywood. The publication order was amended on January 30, 2025 to correct a scrivener's error.

2

Pursuant to an email dated February 12, 2025 from petitioners' counsel requesting clarification on the interim order and an extension of time to file the required documents, the court amended its interim order on February 21, 2025 to order counsel to appear for a conference on March 4, 2025, and to extend petitioners' time to file the requisite documents to March 31, 2025.

A conference was held on March 5, 2025, in which petitioner's counsel and the guardian ad litem appeared. The court explained the interim order to the parties. Petitioners' petition was deficient, as it requested reimbursement for law office overhead and failed to provide proof of disbursements (*see* 22 NYCRR 207. 38[d][5]; *Matter of Smith*, 2024 NY Slip Op 32091[U] [Sur Ct, NY County 2024]; *Matter of Herlinger*, NYLJ, Apr. 28, 1994 at 29 col. 3 [Sur Ct, NY County 1994]), and was also missing proof to support its request to disqualify decedent's father pursuant to EPTL 4-1.4 (*see Matter of Brennan*, 169 AD2d 1000 [3d Dept 1991]; *Matter of Chatham*, 28 Misc 3d 1213[A] [Sur Ct, Bronx county 2010]). Petitioners' counsel requested another extension to file the documents. The court amended its interim order on March 5, 2025 to give petitioners until May 15, 2025 to file the documents.

On May 13, 2025, petitioners filed an amended petition which removed requests for reimbursement for law office overhead, and requesting reimbursement for $37,431.36 in disbursements. An affirmation of counsel providing a detailed description of all disbursements was filed. An affidavit by Tanisha Allen dated May 5, 2025 was also filed, alleging Michael Haywood and Tanisha Allen resided together until around 2004, as Michael was in and out of jail, and repeatedly arrested for dealing drugs. During this time, Michael Haywood occasionally provided some financial support to decedent in uncertain and inconsistent amounts. Michael Haywood was deported to Guyana in or about 2004, when decedent was approximately four years old. Following deportation, Michael Haywood had no further contact with decedent and provided decedent no

3

financial, emotional or physical support. From 2004 onward, Tanisha Haywood lived in homeless shelters and slept on trains with her sons for an extensive period of time. She received public assistance in the form of food stamps and Section 8 vouchers. At some point, she was informed that Michael Haywood had been arrested for drug trafficking in Guyana and was in prison. She also discovered a fire had erupted in the prison where he was housed on July 9, 2017, and it had been reported that many prisoners had escaped. Michael Haywood had not been heard from since at least July 9, 2017, and it was unclear if he was alive or still living in Guyana. No supporting proof of any of these allegations was provided. No other items required under the March 5, 2025 interim order were included in the amended petition.

Citation issued with a return date of May 15, 2025. Citation was duly published, and jurisdiction was deemed complete.

On July 30, 2025, petitioners' counsel requested another extension to amend their papers and file the required documentation. The court amended its interim order again on August 5, 2025 to give petitioners until August 29, 2025 to file the required documents.

On August 29, 2025, petitioners filed an affirmation of counsel describing disbursements, and providing copies of invoices and a memorandum of law in support of approval of reimbursement of disbursements. The same affidavit by Tanisha Allen dated May 5, 2025 alleging Michael Haywood abandoned and failed to support decedent was filed again. A photocopy of two pages of decedent's high school permanent record with only Tanisha Allen listed as the parent was also filed.

GAL filed his report on October 14, 2025. GAL pointed out that the only evidence provided in support of disqualification of his ward were an affidavit from interested party Tanisha Allen, the copy of decedent's student record, and the receipt of services from Detectives.com. GAL

4

reported that upon the review of the limited documentation provided, the documentation was insufficient to establish disqualification of the father pursuant to EPTL 4-1.4. Absent more substantial proof demonstrating the statutory criteria for disqualification, the presumption of entitlement under the laws of intestacy would remain intact. GAL recommended fifty percent of the net settlement proceeds be paid to Tanisha Allen, and fifty percent to the New York State Comptroller's Office, subject to withdrawal proceedings and subject to a hearing on the issue of abandonment as requested by petitioners.

GAL contacted the court on November 20, 2025 and stated counsel for petitioners had reached out to GAL to discuss a settlement. GAL requested time to file a stipulation of settlement and a final GAL report.

On January 22, 2026, petitioners filed the stipulation of settlement, signed by Tanisha Allen and Marjorie Loban on January 5, 2025 (hereinafter, "stipulation"). The stipulation approved all charges in the compromise proceeding. The stipulation further allocated $10,000.00 as Michael Haywood's potential intestate share of decedent's estate, to be deposited with the New York State Comptroller's Office of Unclaimed Funds, to be held in trust pending further order of the Surrogate's Court of New York County. The remaining net settlement proceeds would be distributed to Tanisha Allen.

In GAL's final report dated February 26, 2026 and affirmation to amend dated March 10, 2026. He alleged the parties seek to avoid a costly hearing by settling the father's claim for $10,000. GAL confirmed jurisdiction is complete, and that the compromise settlement is fair, reasonable, and in the best interest of the estate and his ward. He recommended the court issue an order approving the proposed stipulation.

5

EPTL 4-1.4 prevents a parent from taking a distributive share of the deceased child's estate if the parent has failed or refused to provide for the child or has abandoned the child (EPTL 4-1.4[a]). The burden of proof is on the party asserting disqualification (*see Matter of Clark*, 119 AD2d 947, 948 [3d Dept 1986] [upholding the finding that a mere showing of departure from the family domicile does not, alone, establish a prima facie case for abandonment]; *Matter of Wigfall*, 20 Misc 3d 648, 651 [Sur Ct, Westchester County 2008]).

Here, given there are questions of fact as to whether Michael Haywood should be disqualified pursuant to EPTL 4-1.4[a], and given the additional cost a hearing would put on the estate, the court finds that a settlement of $10,000.00 is fair, reasonable, and in the best interest of the estate and GAL's ward.

Counsel for petitioners filed an affirmation of urgency on March 5, 2026. The affirmation alleged Tanisha Allen has been experiencing significant financial hardship since decedent's passing. The affirmation attached as an exhibit a photograph of a 14-day eviction notice dated January 6, 2026. The court reminds counsel that this case has received many delays caused by counsel's multiple extension requests, and inability to follow the four interim orders issued by the court. It would behoove petitioners' counsel to follow instructions the first time around, so that the court would not need to issue four interim orders.

Accordingly, it is hereby

ORDERED that GAL is authorized to sign the stipulation on behalf of his wards; and it is further

ORDERED that upon signing the stipulation, GAL shall file a copy of the signed stipulation with the court; and it is further

ORDERED that petitioners settle an updated proposed decree upon all appearing parties within fourteen days of the date of this order.

Documents must be served and filed. Parties must also provide a courtesy copy of all documents by email to mpracht@nycourts.gov.

The Clerk of the Court is directed to email a copy of this order to counsel as listed below.

Dated: March 12, 2026

_____
S U R R O G A T E

To:

Jarrett G. Roth, Esq.
Adina Sposta, Esq.
Schwartz Sladkus Reich Greenberg Atlas LLP
jroth@ssrga.com
asposta@ssrga.com
*Attorneys for Petitioners*

William Barber, Esq.
wjbarberesq@optonline.net
*Guardian ad litem for Michael Haywood*

[* 7]